BY THE COURT:
In July 1973, the Court authorized a special training program for a limited class of former Cuban lawyers as a substitute for graduation from ABA approved law schools. The purpose of the program was to provide an opportunity for these individuals to take the Florida bar examination and earn the right to practice law in Florida.
The first graduates of the program took the July 1975 bar examination, but only a small number of those examinees passed. Pursuant to authority conferred by the Court in a letter dated November 12, 1975, the Dean of the University of Florida College of Law reviewed the results of the Cuban lawyers’ performance on that examination for the purpose of recommending to the Court methods and procedures by which those who have failed the examination might receive additional training in the areas of deficiency. During Dean Ju-lin’s evaluation, anonymity was maintained as to the performance of individual examinees. This Order results from Dean Ju-lin’s oral report to the Court.
Dean Julin found that examinees who did not pass the examination fell into three broad categories. The grades of one group fell in the top one-third of all examinees who failed the July examination, and Dean Julin believes that substantially all these individuals could pass another examination with minimal additional training. The grades of a second, somewhat larger group fell in the middle one-third of all failing examinees. Dean Julin believes that many in this group could pass another examination with additional, directed training. The grades of a third group, slightly larger than the second, fell in the lowest one-third of all failing examinees, and it appears to Dean Julin doubtful that many of this group will ever pass a Florida bar examination. Dean Julin believes that individualized training over a reasonably short period of time would result in the admission to the Bar of many individuals from the first and second groups, thereby producing a far more acceptable overall proportion of admitted program graduates. Dean Julin’s findings and proposals are corroborated to some extent by the results of the October '1975 bar examination.
The Dean notes that no one deficiency, such as lack of English fluency, absence of legal knowledge, or inadequacy of exam-taking skills, can be isolated as having produced failures for all or most of the failing Cuban lawyers. He believes, however, that factors can be isolated on an individual basis by comparing each individual’s performance (i) on the multiple choice questions in Part II of the examination, (ii) on the essay questions in Part I of the examination, (iii) on the English proficiency test taken at the outset of the Cuban lawyer training program, and (iv) on the tests given during the training course by law school personnel. Because of the Court’s policy in favor of anonymity, the first two sources of information are not now available to the Dean or to others for suitable counseling. Were this information available, Dean Julin believes that individual counseling could be given and specialized short-term retraining courses developed to meet the particular needs of each former Cuban lawyer.
Dean Julin’s report cautions that counseling for those in the bottom one-third of all failing examinees, and perhaps for others in the middle one-third, might well include a recommendation against further training in light of the small probability of ultimate success. Dean Julin advises us *34 that the College of Law at the University of Florida can begin individual counseling and can develop retraining programs as soon as the information to be evaluated becomes available.
Finally, Dean Julin notes that it has been the policy of the Florida Board of Bar Examiners to advise unsuccessful bar examinees whether their scores placed within the top ranked third, the middle ranked third or the bottom ranked third of the scores of those who failed the examination. Responses to requests for this information have been given to the examinees only, however. He suggests that a simple broadening of this Board policy can be made to serve the Court’s original desire to cause the admission of additional, qualified former Cuban lawyers to the practice of law in Florida.
We gratefully receive Dean Julin’s report, and we here express our appreciation for his efforts. The proposal he has outlined has considerable merit.
We appreciate the offer of the University of Florida College of Law to provide counseling and to establish one or more retraining courses for graduates of the Cuban lawyer program who failed to pass the July 1975 bar examination. To facilitate the retraining of Cuban lawyers who wish to avail themselves of the benefits of this additional program, it is ordered:
1. The Florida Board of Bar Examiners is authorized to release to Dean Julin, or to his authorized appointee, the ranking (as being within the top, middle or bottom third of all individuals who failed to pass the July 1975 bar examination) of any graduate of the Cuban lawyer program who complies with paragraph 2 below. The information furnished by the Board shall separately identify the individual’s ranking in Part I and in Part II on the July examination.
2. The information described in paragraph 1 shall be released by the Board only if an applicant files with the Board, not later than January 15, 1976, (i) a sworn writing which expressly waives confidentiality of the applicant’s July 1975 examination results and authorizes their review for counseling purposes at the University of Florida College of Law, and (ii) an affidavit containing the information described in paragraph 11(1) (B) of the Court’s order of December 4, 1975, a copy of which is attached to this order.
3. The Board need not submit the authorized information to the Dean on an individual basis but may, in its discretion, withhold transmittal of all information until all waivers and affidavits are received or the time for their filing has expired.
4. The Board is authorized to defer the scheduled taking of the bar examination by any graduate of the program who desires counseling and training prior to the February 1976 bar examination and who has already applied to take that examination. Applicants requesting deferral need only file a request with his or her waiver and affidavit. Any such graduate shall be admitted to any later bar examination by filing a request for admission not less than ten days before the examination is administered.
5. No certificate, degree or other evidence of this retraining need be provided by the University of Florida College of Law as a requisite for admission to a bar examination.
6. Nothing in this order shall require any graduate of the Cuban lawyer program to waive the confidentiality of his examination or to submit to counseling or retraining. Irrespective of any counseling or retraining offered, any graduate of the program shall have the right to take future Florida bar examinations to the same extent and under the same conditions as other bar applicants who seek re-examination; provided that each graduate of the Cuban lawyer program shall submit with his or her re-examination request the affidavit required by the attached portion of the Court’s order of December 4,1975.
*35 7. In the event the University of Florida or the University of Miami College of Law desire to establish similar counseling and retraining programs for graduates of the Cuban lawyer program who have failed to pass the October 1975 bar examination or who fail to pass for the first time any subsequent bar examination, the Board of Bar Examiners is authorized to furnish rankings to the. respective deans for Cuban lawyer examinees, to the same extent and under the same circumstances as provided in this order; provided that the last day for waivers, affidavits and requests shall be 90 days from the Court’s certification of bar examination results.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON, ENGLAND, SUND-BERG and HATCHETT, JJ., concur.
APPENDIX
IN RE: PETITION OF THE FLORIDA BOARD OF BAR EXAMINERS FOR AMENDMENT TO RULES No. 46763-B.
Dec. 4, 1975.
Case of Original Jurisdiction.
******
B. An affidavit duly executed by the applicant on a form supplied by the Board establishing his or her;
1. Graduation prior to December 31, 1960 from any of the following schools of law:
a. University of Habana (Havana)
b. Jose Marti University
c. St. Thomas of Villanova Law School
d. Ceriente University
2. Status as an attorney in good standing and in the active practice of law in the Republic of Cuba prior to December 31, 1960.
3.Absence of conviction or adjudication of guilt of a criminal offense in a court or tribunal of any state, territory, possession or protectorate of the United States, or of the United States, which constitutes a felony under the laws of the jurisdiction rendering such judgment.
C. Any variance from these requirements shall arise only through Order of the Supreme Court of Florida, a copy of which must be attached to the affidavit.